IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ESEQUIEL MEDRANO, | § | |
| --- | --- | --- |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:16-cv-1676-O |
| | § | (No. 3:04-cr-205-O (18)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Movant Esequiel Medrano, a federal prisoner, has filed a *pro se* motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 1. Medrano's motion, filed no later than June 15, 2016, *see id.* at 12, is only timely to the extent that *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), applies to his Section 2255 claims, which are based on the advisory sentencing guidelines, *see* Dkt. No. 1 at 4 (asserting that his "constitutional rights have been violated pursuant to a vague statute in violation of due process" and that the language of the sentencing "enhancement [he] received ... is identical to the ACCA residual clause"); *see also* 28 U.S.C. § 2255(f)(3).

After the Court ordered the government to respond to the Section 2255 motion, *see* Dkt No. 3, this action was stayed and administratively closed pending the decision of Supreme Court of the United States in *Beckles v. United States*, 580 U.S. ___, 137 S. Ct. 886 (2017), *see* Dkt. Nos. 4 & 5. After the decision in *Beckles*, the Court reopened

this action and ordered Medrano to show cause in writing why it should not be dismissed as time-barred. *See* Dkt. No. 10; *see also Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) ("'before acting on its own initiative' to dismiss an apparently untimely [Section 2255 motion] as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions'" (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original)); *Sosa-Saucedo v. United States*, No. 6:09cv491, 2011 WL 336456 (E.D. Tex. Jan. 31, 2011) (applying *Day* to Section 2255 motions).

No response was filed, and the deadline by which to do so has passed.

The Court now concludes that this action should be dismissed as time-barred.

**Applicable Background, Legal Standards, and Analysis**

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause defines a "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288

(1989),] in cases on collateral review." *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 1265 (2016).

But Medrano did not receive an increased sentence under the ACCA's residual clause. Instead, any increase in his sentence was due to the Guidelines. And the Supreme Court has now determined that, "[u]nlike the ACCA, ... the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892.

Because *Johnson* is not applicable, Medrano's Section 2255 motion is untimely for the following reasons.

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due

diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S.

Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

The United States Court of Appeals for the Fifth Circuit dismissed Medrano's direct appeal on April 10, 2008. His criminal judgment became final 90 days later, on July 9, 2008, when the time for petitioning the Supreme Court for review on certiorari expired. *See* SUP. CT. R. 13; *United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) ("Although [the AEDPA] does not define when a conviction 'becomes final' for purposes of federal habeas review of a federal conviction, the Supreme Court stated in *Clay v. United States* that '[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the

time for filing a certiorari petition expires.'" (quoting 537 U.S. 522, 527 (2003))).

Because the current motion was not filed within one year from July 9, 2008 – and because Medrano has not shown that the one-year deadline should be extended based on either equitable tolling or the narrow actual-innocence exception – this action is time-barred.

## Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Medrano is entitled to no relief.

## Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Medrano has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event Medrano elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma*

*pauperis.*

## Conclusion

The Court dismisses this Section 2255 action as barred by limitations.

SO ORDERED.

DATED: August 3, 2017.

>                    *signature*
> **Reed O'Connor**
> **UNITED STATES DISTRICT JUDGE**